UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
SOUTHWEST MARINE AND GENERAL
INSURANCE COMPANY,

                      Plaintiff,          Civil Action No.:

    v.

                                     **COMPLAINT FOR
DECLARATORY JUDGMENT**

OHIO SECURITY INSURANCE COMPANY,

                      Defendant,

    and

MAYCON DESOUSA,

                    Nominal Defendant.
---------------------------------------------------------------x

Plaintiff, SOUTHWEST MARINE AND GENERAL INSURANCE COMPANY ("Southwest" or "Plaintiff"), by its attorneys LONDON FISCHER LLP, states the following as and for its Complaint against Defendant, OHIO SECURITY INSURANCE COMPANY ("Ohio") and Nominal Defendant, MAYCON DESOUSA ("DeSousa").

## **NATURE OF THE ACTION**

1. In this action, Southwest seeks a declaration that Ohio is obligated to defend and indemnify its insured, Hudson Meridian Construction Group, LLC ("Hudson") and to reimburse Southwest in connection with the Underlying Action, defined herein.

2. DeSousa alleges he suffered injuries on March 30, 2022, and subsequently filed an underlying action entitled, *Maycon DeSousa v. 440 Hamilton Developer, LLC, 440 Hamilton Owner LLC, 440 Hamilton RA SM JV LLC, 440 Hamilton JV LLC, 440 Hamilton Investor, LLC, Moore Real Estate Holdings, LLC, Square Mile Hamilton Preferred LLC, Rose Associates Inc.,*

*Rose Associates Capital Group LLC, Rose Property Management Group LLC, and Hudson Meridian Construction Group LLC;* Supreme Court, New York County; Index No. 152089/2024 ("Underlying Action").

3.     Southwest has been forced to defend Hudson in the Underlying Action and has incurred defense costs and expenses because of Ohio's refusal to defend and indemnify Hudson.

## **PARTIES**

4.     Southwest is an insurance company incorporated under the laws of Arizona and has its principal place of business in New Jersey.  Southwest is authorized to sell insurance in New York.

5.     Ohio is an insurance company incorporated under the laws of New Hampshire, has its principal place of business in the State of Massachusetts, is authorized to sell insurance in New York, and has conducted and continues to conduct substantial business in New York.

6.     Upon information and belief, at all times material hereto, DeSousa was and is an individual domiciled in the State of Massachusetts.

7.     DeSousa is a nominal defendant as the judicial declarations requested in this action may impact insurance coverage for the claims asserted by DeSousa in the Underlying Action

## **JURISDICTION AND VENUE**

8.     Subject matter jurisdiction is based upon 28 U.S.C.A. § 1332 and 28 U.S.C.A. § 2201 because the action involves citizens of different states and the amount in controversy related to the Underlying Action exceeds the sum or value of $75,000, exclusive of interest and costs.

9.     In the Underlying Action, DeSousa alleges multiple injuries, including tears, fractures and various surgeries.

2

2685861v1

10.    An actual controversy exists between the parties regarding their respective rights and obligations under the relevant policies of insurance.

11.    Personal jurisdiction over Ohio is proper as it has its principal place of business in Massachusetts and conducts business in the State of New York.

12.    Personal jurisdiction over DeSousa is proper as he is a resident of, and domiciled in, the State of Massachusetts and was working and was allegedly injured in the State of New York.

13.    Venue is proper under 28 U.S.C.A. § 1391 because a substantial part of the events giving rise to the claim occurred in this district.

## INSURANCE POLICY

14.    Ohio issued a Commercial General Liability Policy to its Named Insured, All Renewable Energy, Inc. ("ARE"), bearing Policy # BKS 58 80 03 17, effective from April 30, 2021 to April 30, 2022 and a Commercial General Umbrella Liability Policy bearing Policy # USO 58 80 03 17  to AR for the October 19, 2021 to April 30, 2022 policy period  ("Ohio Policies").

15.    ARE is the same company as All Renewable Energy Inc.

16.    ARE is the same entity as All Renewable Energy Inc.

17.    ARE is the alter ego of All Renewable Energy Inc.

18.    All Renewable Energy Inc. is the alter ego of ARE.

19.    The Ohio Policies provide coverage for "bodily injury" that takes place during their policy periods and is caused by an accident.

20.    Hudson qualifies as an Additional Insured under the Ohio Policies on a primary and non-contributory basis.

3

**CONTRACT**

21.     Pursuant to a contract, ARE agreed to procure insurance on behalf of Hudson and to name Hudson as an Additional Insured on a primary and non-contributory basis on its own insurance policies with Ohio.

**ACCIDENT AND UNDERLYING LAWSUIT**

22.     In the Underlying Action, on March 7, 2024, a Complaint was filed entitled, *Maycon DeSousa v. 440 Hamilton Developer, LLC, 440 Hamilton Owner LLC, 440 Hamilton RA SM JV LLC, 440 Hamilton JV LLC, 440 Hamilton Investor, LLC, Moore Real Estate Holdings, LLC, Square Mile Hamilton Preferred LLC, Rose Associates Inc., Rose Associates Capital Group LLC, Rose Property Management Group LLC, and Hudson Meridian Construction Group LLC;* Supreme Court, New York County; Index No. 152089/2024.  On June 18, 2024, a Third-Party Complaint was filed entitled, *Hudson Meridian Construction Group LLC v. All Renewable Energy, NY LLC.*  On October 14, 2024, a Second Third-Party Complaint was filed entitled, *Hudson Meridian Construction Group LLC v. All Renewable Energy Inc.*

23.     In the Underlying Action, DeSousa alleges that on March 30, 2022, he was working at 440 Hamilton Avenue, White Plains, New York when he was injured.

24.     It is alleged that ARE was negligent and directly responsible for DeSousa's injuries.

25.     Southwest assigned counsel to defend Hudson and is paying for Hudson's defense in the Underlying Action.

**TENDERS**

26.     On May 16, 2023, Southwest tendered the Underlying Action to Ohio on behalf of Hudson.

4

2685861v1

27.     On June 6, 2023, Ohio denied the tender on the basis that it did not have a copy of the Underlying Action.

28.     On April 2, 2024, Southwest was forced to again tender the Underlying Action to Ohio on behalf of Hudson.

29.     On May 2, 2024, Ohio provided an improper coverage determination and denied Southwest's tender.

30.     Ohio's actions and inactions are in contravention to New York law.

31.     Ohio has refused to defend and indemnify Hudson in connection with the Underlying Action under the Ohio Policies.

32.     Ohio is estopped from denying coverage to Hudson and has waived all potential coverage defenses under the Ohio Policies in connection with the Underlying Action.

33.     Southwest has been forced to defend Hudson in the Underlying Action and has incurred defense costs and expenses because of Ohio's improper refusal to defend and indemnify Hudson.

34.     An actual controversy exists between Southwest and Ohio with respect to Ohio's duty to defend and to indemnify Hudson in connection with the Underlying Action.

35.     Southwest has no adequate remedy at law.

**FIRST CAUSE OF ACTION FOR DECLARATORY RELIEF**

36.     Plaintiff repeats and re-alleges the allegations contained in paragraph "1" through paragraph "35" as if fully set forth herein.

37.     The subject accident and the Underlying Action fall within coverage afforded by Ohio under the Ohio Policies.

5

38. Hudson is Ohio's insured under the Ohio Policies and is entitled to defense and indemnity from Ohio in connection with the subject accident and the Underlying Action.

39. Ohio must provide primary and noncontributory coverage for the subject accident and the Underlying Action to Hudson under the Ohio Policies.

40. Ohio is estopped from denying coverage to Hudson and has waived all potential coverage defenses under the Ohio Policies.

41. Southwest is entitled to a declaration that Ohio has a duty to defend and indemnify Hudson on a primary and noncontributory basis in connection with the subject accident and the Underlying Action and must reimburse Southwest for past defense costs and expenses incurred in defending Hudson.

## SECOND CAUSE OF ACTION FOR BREACH OF CONTRACT

42. Plaintiff repeats and re-alleges the allegations contained in paragraph "1" through paragraph "41" as if fully set forth herein.

43. The subject accident and the Underlying Action fall within the coverage afforded by Ohio under the Ohio Policies.

44. All terms and conditions of the Ohio Policies have been complied with and met.

45. Ohio is obligated to defend and to indemnify Hudson on a primary and noncontributory basis in connection with the subject accident and the Underlying Action under the Ohio Policies.

46. Ohio has breached its obligations by refusing to defend and to indemnify Hudson in connection with the subject accident and the Underlying Action under the Ohio Policies.

47. Ohio is estopped from denying coverage to Hudson and has waived all potential coverage defenses under the Ohio Policies.

2685861v1

48.     As a result of Ohio's breach of its obligation to defend and to indemnify Hudson in connection with the subject accident and the Underlying Action, Southwest has been required to incur defense costs that should have been incurred by Ohio and continues to do so.

49.     Southwest has suffered and will continue to suffer damages on account of Ohio's refusal to fulfill its obligations to defend and to indemnify Hudson in connection with the subject accident and the Underlying Action.

50.     Ohio is liable for any and all damages by virtue of its breach of its obligation to defend and to indemnify Hudson in connection with the subject accident and the Underlying Action, including paying past defense costs and ongoing costs and fees and expenses for defense and/or indemnity.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Southwest respectfully requests that the Court enter a judgment as follows:

a.      Declaring that Ohio has a duty to defend and to indemnify Hudson on a primary and noncontributory basis in connection with the subject accident and the Underlying Action under the Ohio Policies and to reimburse Southwest for past defense costs and expenses;

b.      Awarding Southwest all damages incurred by virtue of Ohio's breach of its obligation to defend and to indemnify Hudson in connection with the subject accident and the Underlying Action; and

2685861v1

c.      Awarding attorneys' fees, costs and interest, and such other and relief as this Court may deem necessary and proper.

Dated: New York, New York
       March 12, 2026

LONDON FISCHER LLP

    /s/ William J. Edwins
By:  William J. Edwins
     Attorneys for Plaintiff
     Southwest Marine and General
     Insurance Company
     59 Maiden Lane, 39th Floor
     New York, New York 10038
     (212) 972-1000
     Our File No.: 415.0567032

8

2685861v1